## Application of HALLER.
### Patent Appeal No. 5273.

Court of Customs and Patent Appeals.
April 22, 1947.

H. N. Foss, of Washington, D. C. (T. A. Seegrist, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting claim 15 in appellant's application for a patent for an invention relating to an insecticide.

Claims 12, 13, and 14 were allowed by the Primary Examiner.

The appealed claim reads:

"15. A packaged product comprising cyclopropyl alkyl ether having not more than three carbon atoms in the alkyl group, labeled to show its use as an insecticide."

Appellant's application discloses the use of cyclopropyl alkyl ethers of the type set forth in the appealed claim as fumigants for killing insects.

No prior art was cited, but the examiner and the board stated that the compounds claimed were admitted to be old and the brief of counsel for appellant here states that "The cyclopropyl ethers themselves are not claimed to be patentable compounds."

On the other hand, it is not alleged by the examiner or the board that the use of the involved compound as an insecticide is old or obvious and, in fact, a claim covering broadly a process comprising the application of that compound to insects for the purpose of destroying them, has been allowed. In the instant case the appealed claim calls for a packaged product of an old compound labeled to indicate that the compound is intended for use as an insecticide.

The examiner and the board held the appealed claim unpatentable on the ground

that, since the compound was old, it could not be patented merely by a statement as to its use. In support of their holding, the tribunals cited the case of In re Thuau, 135 F.2d 344, 30 C.C.P.A., Patents, 979.

■ The examiner also held that there was no statutory authority for the allowance of a claim which is directed merely to the use of an appropriate label on a package and that the use of such a package and a label was conventional. The examiner also held that as appellant's application, as filed, did not mention packaging or labeling, the provision in the appealed claim for packaging and labeling involved new matter. The rejection on the ground of new matter was reversed by the Board of Appeals, the board holding that insecticides are usually enclosed in packages and that "it is the common practice" to apply a label thereto. The board did not hold, however, that the packaging of a compound and the application of an appropriate label thereto involved invention. Owing to the fact that the compound called for by the appealed claim required some sort of packaging and labeling, certainly no invention is involved in that feature of the claim.

■■ It is well settled that the application of particular printed matter to an old article cannot render the article patentable. In re Thomas J. Dixon, 44 F.2d 881, 18 C.C.P.A., Patents, 711; In re Robert C. Russell, 48 F.2d 668, 18 C.C.P.A., Patents, 1184; In re Reeves, 62 F.2d 199, 20 C.C.P.A., Patents, 767; In re McKee, 64 F.2d 379, 20 C.C.P.A., Patents, 1018; In re Hansen, 154 F.2d 684, 33 C.C.P.A., Patents, 979. Accordingly, the mere labeling of an old composition as an insecticide does not make it a new or different composition within the meaning of the patent statutes. 35 U.S.C.A. § 1 et seq.

The appealed claim, like those considered in In re Thuau, supra, represents an attempt to patent an old product on the basis of a statement that it is intended for a new use. Whether the statement of intended use appears merely in the claim or in a label on the product is immaterial so far as the question of patentability is concerned. The reasons given for affirming the rejection of the claims in the Thuau case, supra, therefore, are also applicable here.

Counsel for appellant cites numerous authorities to the effect that the concept of using an old material for a new purpose may, if properly claimed, form a basis for a patent. That point is not in issue here. The issue here is whether an old composition can be patented as a composition on the basis of the mere statement of a new use.

■ The basis of the rejection of the appealed claim, as in the Thuau case, supra, is lack of novelty in the composition claimed, rather than lack of invention in the use suggested. In accordance with the patent statutes, an article or composition of matter, in order to be patentable, must not only be useful and involve invention, but it must also be *new*. If there is no novelty in an article or composition itself, then a patent cannot be properly granted on the article or composition, regardless of the use for which it is intended. The difficulty is not that there can never be invention in discovering a new process involving the use of an old article, but that the statutes make no provision for the patenting of an article or composition which is not, in and of itself, new.

Counsel for appellant cites numerous decisions, such as, for example, Ajax Metal Co. v. Brady Brass Co., C.C., 155 F. 409; Ludlum Steel Co. v. Terry, D. C., 37 F.2d 153, in which claims drawn to various articles such as bearings, piston rings and tools have been allowed solely on the basis of a statement that the article was made of some particular material, which was old per se. However, in each of those decisions something new had been produced; that is, there had never been an article of the type claimed made of the specific material claimed. Those cases are not in point here, since the composition claimed is old and is not formed into a particular article.

■ Counsel for appellant also refers to numerous patents allowed prior to the decision in the case of In re Thuau, supra, containing claims allegedly similar to that under rejection here. It is well settled, that appeals must be decided on their merits

and not on the basis of what the Patent Office has done in other cases. See In re Edwin H. De Lany, 46 F.2d 370, 18 C.C.P.A., Patents, 924; In re Albert C. Fischer, 47 F.2d 794, 18 C.C.P.A., Patents, 1076; In re Greider et al., 129 F.2d 568, 29 C.C.P.A., Patents, 1079.

It is pointed out in the brief of counsel for appellant that it is desirable that patent protection should extend to the article here involved and not merely to the process of using it, since the process claim might be directly infringed by the ultimate users and not by those who make and sell the composition for use as an insecticide. However, the allowance of claims must be based on statutory provisions and not upon the type of protection considered desirable.

■ Owing to the fact that the article called for by the appealed claim is old and, in our opinion the claim was properly rejected, it is unnecessary that we discuss the examiner's rejection on the ground that there is no statutory basis for a claim of the type here involved.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.

BLAND, Associate Judge (specially concurring).

I concur in the holding of the majority that claim 15 was properly rejected.

My views concerning the Thuau case are stated in detail in my specially concurring opinion in Re Migrdichian, 156 F.2d 250, 33 C.C.P.A., Patents, 1224, 1229.